IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                        :
                                              :     Chapter 13
Brian D. Morris, Sr. and                      :
Eileen M. Morris,                             :     Bankruptcy No. 14-16893JKF
                                              :
    Debtors.                                  :

## SECOND AMENDED CHAPTER 13 PLAN

1. The debtors propose to submit monthly payments to the trustee as follows:
   a. $300.00 per month for a period of six (6) months; and
   b. $352.00 per month for a period of fifty-four (54) months thereafter.

2. From these payments, the debtors propose that the trustee shall make the following payments:

   a. Payment in full of all administrative claims including the trustee's commission and expenses and any unpaid legal fees, including all legal fees approved during the pendency of this case, which are approved by the Court as being fair and reasonable;

   b. Subsequent to the payment of all administrative claims, payment in full of:
   1.) the secured real estate tax claim of the Bucks County Tax Claim Bureau for the 2013 and 2014 property taxes in the amount of $11,189.04;
   2.) the secured claim of Middletown Township, or its successor in interest, for its municipal lien in the amount of $465.85; and
   3.) the secured claim of Wells Fargo in the amount of $4,580.84.

   c. Subsequent to the payment of all administrative and secured claims listed above, payment in full of all priority claims, if any;

   d. Subsequent to the payment of all administrative, secured and priority claims listed above, pro rata payment to all unsecured non-priority claims that are timely filed and duly proven **EXCEPT** the following:
   Claim No. 9 filed by US Dept of Education c/o Nelnet; Claim no. 10 filed by PHEAA; Claim No. 11 filed by PHEAA; Claim No. 12 filed by PHEAA; and Claim No. 13 filed by PHEAA.

   Pursuant to 11 U.S.C. § 1322(b)(5), debtors shall make all post-petition payments

on their her non-dischargeable student loans to the US Dept. of Education/Nelnet, and PHEAA/American Education Services, or their successors in interest, directly to the lenders in accordance with the contract terms (Where the B22C statement shows negative disposable income, the debtors' disposable income, as calculated by Schedules I and J can be used to pay other creditors, including a student loan debt. *See* In re Orawsky, 387 BR 128 (Bankr.E.D.Pa. 2008).

3. Holders of allowed secured claims shall retain their liens securing such claims until such time as their claims are paid.

4. Debtors will pay all post-petition monthly mortgage payments owing to PNC Mortgage, or its successor in interest, and all post-petition monthly automobile loan payments owing to OneMain Financial, or its successor in interest, directly to the lenders in accordance with the contractual terms.

| /s/ Brian D. Morris   04/02/15 | /s/ Eileen M. Morris   04/02/15 |
|---|---|
| Brian D. Morris, Sr.   / Date | Eileen M. Morris   / Date |